**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0892-19T2

BARBARA LOMBARDI,

     Plaintiff-Appellant,

v.

CHRISTOPHER BUJNOWSKI
and PAULINE BUJNOWSKI,

     Defendants-Respondents.

_____

          Submitted May 20, 2020 – Decided June 16, 2020

          Before Judges Mayer and Enright.

          On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-2170-17.

          Hegge & Confusione, LLC, attorneys for appellant (Michael J. Confusione, of counsel and on the brief).

          Verdiramo & Verdiramo, PA, attorneys for respondents (Vincent S. Verdiramo, on the brief).

PER CURIAM

Plaintiff Barbara Lombardi appeals from an October 9, 2019 order involuntarily dismissing her claims in accordance with Rule 4:37-2(b). We affirm, substantially for the reasons expressed in Judge Robert H. Gardner's cogent oral opinion.

We provide the following brief comments. On July 27, 2000, plaintiff obtained a $45,000 cashier's check from her bank. She provided the check to defendant Christopher Bujnowski, the husband of her niece, defendant Pauline Bujnowski, so Christopher[1] could start a dental lab. On the same day plaintiff withdrew these funds, she added a notation to her withdrawal slip, but not the cashier's check, that read, "Business loan for Pauline and Chris Bujnowski." Plaintiff did not provide a copy of this withdrawal slip to defendants and they never signed any documents confirming the monies Christopher received constituted a loan.

At trial, plaintiff testified she did not ask defendants to sign a promissory note or a contract when she gave the check to Christopher because "[t]hey're family, I wouldn't ask them to do that." During her direct examination, plaintiff was asked if there was "an understanding as to when [the money] was going to

---

[1] Because defendants share the same last name, we refer to them by their first names. We intend no disrespect by this practice.

be repaid." Plaintiff testified, "it just was never discussed, in the beginning, when they were going to pay it back." As of the trial date, no portion of the funds were repaid to plaintiff.

During plaintiff's cross-examination, she conceded that when she gave Christopher the cashier's check, he did not say when he would pay her back. Plaintiff also admitted there was no writing to document the transaction, other than the withdrawal receipt she retained. Further, she acknowledged there was "not a single document anywhere" that set forth a term, interest rate, or repayment plan for the loan. Additionally, she affirmed she had given gifts to her nieces and nephews "plenty of times" over the years. Lastly, plaintiff maintained the loan was "between Chris and I. Pauline really wasn't involved in this loan . . . . All the communication was between me and Chris."

At the close of plaintiff's testimony, defendants moved for an involuntary dismissal and Judge Gardner granted their application. The judge found by plaintiff's own admission that "Pauline was not involved . . . here," so dismissal was appropriate as to Pauline. Turning to Christopher, the judge found:

> there's no writing here . . . anywhere . . . that acknowledges by the [d]efense the fact that there was a loan . . . . There's no meeting of the minds . . ., there's no writing here to say that the defense, in any way, was going to repay a debt, this particular money. . . . I find this was a gift, not a loan and based upon the credibility

3

of the witness, as well as the testimony and the evidence supplied, I don't find there is a scintilla of evidence here to show that this, in fact, was a loan, rather than a gift.

On appeal, plaintiff argues the judge erred in granting defendants' motion for involuntary dismissal because she had a "right to recover on the unpaid loan." Alternatively, she argues she was entitled to recoup the $45,000 based on the grounds of unjust enrichment. We are not persuaded.

Our review of a trial court's fact-finding in a non-jury case is limited. Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011). "The general rule is that findings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence. Deference is especially appropriate when the evidence is largely testimonial and involves questions of credibility." Ibid. (quoting Cesare v. Cesare, 154 N.J. 394, 411-12 (1998)). However, we owe no deference to a trial court's interpretation of the law, and review issues of law de novo. State v. Parker, 212 N.J. 269, 278 (2012); Mountain Hill, LLC v. Twp. Comm. of Middletown, 403 N.J. Super. 146, 193 (App. Div. 2008).

"A contract arises from offer and acceptance, and must be sufficiently definite 'that the performance to be rendered by each party can be ascertained with reasonable certainty.'" Weichert Co. Realtors v. Ryan, 128 N.J. 427, 435 (1992) (citations omitted). Where parties agree on essential terms and manifest

4

some intention to be bound by those terms, an enforceable contract is created. Ibid. By contrast, when the parties do not agree on essential terms, a contract is typically deemed unenforceable.

The involuntary dismissal rule requires a trial court to enter judgment in favor of a defendant if, after the presentation of plaintiff's evidence, "upon the facts and upon the law the plaintiff has shown no right to relief." R. 4:37-2(b). In making that assessment, the trial court must afford all favorable inferences to the plaintiff. Fox v. Millman, 210 N.J. 401, 428 (2012). "When reviewing a dismissal at the close of a plaintiff's case, [an] appellate court accepts the truth of the plaintiff's evidence together with the legitimate inferences that the evidence supports." Cameco, Inc. v. Gedicke, 157 N.J. 504, 509 (1999).

Guided by these principles, we are satisfied Judge Gardner properly found that plaintiff failed to marshal a sufficient quantum of evidence to demonstrate she loaned defendants $45,000 and was entitled to repayment of those funds. In fact, plaintiff's testimony confirmed there was no meeting of the minds regarding any terms for the loan nor a plan for repayment. Additionally, plaintiff conceded that the funds were given solely to Christopher, and there was no written agreement between the parties regarding repayment of the $45,000 from the time Christopher received this money in 2000 until plaintiff filed suit against

5

defendants in 2017. Under these circumstances, we see no basis to disturb Judge Gardner's decision to grant defendants' motion for an involuntary dismissal.

We also find unavailing plaintiff's contention that she was entitled to relief on the basis of unjust enrichment. This argument was not advanced in plaintiff's complaint nor raised at any point during the trial.

To the extent we have not addressed plaintiff's remaining arguments, we are satisfied they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0892-19T2